UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ALBERT L. JOHNSON,                              Civil No. 10-419 (RHK/SRN)

      Petitioner,

v.                                              **REPORT & RECOMMENDATION**

U.S. PAROLE COMMISSION,

      Respondent.

---

Albert L. Johnson, *pro se*, #00976-164, Federal Medical Center-Rochester, PMB 4000, Rochester, Minnesota 55903.

Gregory Brooker, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge.

This matter is before the undersigned United States Magistrate Judge on Petitioner Albert L. Johnson's Petition for habeas corpus relief under 28 U.S.C. § 2241 [Doc. No. 1], Petitioner's Motion to Grant Relief and Release of Petitioner [Doc. No. 7], and Petitioner's Motion to Grant Relief and Reply to Respondents [sic] Response [Doc. No. 8]. The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition be denied, the action be dismissed, and that the related motions be denied.

I. **BACKGROUND**

Petitioner Albert L. Johnson, currently an inmate at the Federal Medical Center in Rochester, Minnesota, filed this Petition for Writ of Habeas Corpus on February 16, 2010.

1

Petitioner asserts that his custody violates his due process rights because the U.S. Parole Commission ("Commission") improperly took into account his juvenile conviction, and the fact that he had sent "love letters" to a United States District Court Judge. Petitioner has previously filed other petitions for writ of habeas corpus with this Court, Johnson v. Anderson, No. 07-599 (RHK/SRN) ("Johnson I") and Johnson v. U.S. Parole Comm'n, No. 07-4910 (RHK/SRN) ("Johnson II"). Both of the previous petitions were denied. A complete procedural history of petitioner's incarceration can be found in Johnson I, No. 07-599, 2008 WL 227658 (D. Minn. Jan. 28, 2008).

After Petitioner was convicted of drug and firearm offenses, on March 16, 1976, the United States District Court for the Northern District of Illinois sentenced Petitioner to twenty years in prison with three years of special parole. Petitioner was released on parole on May 2, 1983, and was to remain on parole supervision until January 31, 1996. Less than two years after his release, however, Petitioner was arrested and charged with two counts of aggravated battery in Chicago, Illinois. Based on this arrest, the Commission issued a federal warrant for Petitioner on March 21, 1985, charging him with aggravated battery and unauthorized possession of a firearm. In 1986, the Commission learned that Petitioner had been convicted of two counts of attempted murder and sentenced to forty years imprisonment by the State of Illinois. The Commission lodged its warrant for Petitioner as a detainer with the Illinois Department of Corrections. The Commission advised Petitioner on January 16, 1986, that it would conduct a record review of the detainer. Petitioner was appointed counsel, and he submitted information for the Commission's review. The Commission decided the warrant would remain lodged as a detainer.

Petitioner completed his state sentence on June 8, 2005, and was then taken into federal custody by the United States Marshals Service. Petitioner was notified that the Commission had probable cause to believe he had violated the conditions of his parole, and he was designated to a federal institution for a revocation hearing. The Commission sent forms to Petitioner for his response to the charges, but Petitioner did not file a response. Prior to the revocation hearing, a United States Marshal notified the Commission that Petitioner had been sending inappropriate communications (characterized by Petitioner as "love letters"), to a United States District Court Judge for several years, and that the Marshals Service had opened an investigation in the matter.

The revocation hearing occurred on November 28, 2005. Petitioner claims that the revocation hearing was a "total surprise." Nevertheless, Petitioner attended and was represented by an Assistant Federal Public Defender. Petitioner argued that he had been unjustly convicted of attempted murder and that the revocation hearing was untimely. The hearing examiner rejected both of these arguments and assessed a minimum parole violation sentence of more than 150 months for the attempted murder offense. The hearing examiner recommended that Petitioner's incarceration be continued to the expiration of his sentence because he posed a more serious risk than the salient factor score indicated, based on the two attempted murders while on parole and a prior conviction of attempted murder when Petitioner was a juvenile.

The Commission issued a decision on December 15, 2005, revoking Petitioner's parole and continuing his incarceration until the expiration of his sentence. The Commission advised Petitioner that its decision was more than the minimum guideline sentence of 150 months because (1) his parole violation consisted of the attempted murder of two individuals, and (2) he had a prior juvenile conviction for attempted murder. The Commission also imposed special

Petitioner completed his state sentence on June 8, 2005, and was then taken into federal custody by the United States Marshals Service. Petitioner was notified that the Commission had probable cause to believe he had violated the conditions of his parole, and he was designated to a federal institution for a revocation hearing. The Commission sent forms to Petitioner for his response to the charges, but Petitioner did not file a response. Prior to the revocation hearing, a United States Marshal notified the Commission that Petitioner had been sending inappropriate communications (characterized by Petitioner as "love letters"), to a United States District Court Judge for several years, and that the Marshals Service had opened an investigation in the matter.

The revocation hearing occurred on November 28, 2005. Petitioner claims that the revocation hearing was a "total surprise." Nevertheless, Petitioner attended and was represented by an Assistant Federal Public Defender. Petitioner argued that he had been unjustly convicted of attempted murder and that the revocation hearing was untimely. The hearing examiner rejected both of these arguments and assessed a minimum parole violation sentence of more than 150 months for the attempted murder offense. The hearing examiner recommended that Petitioner's incarceration be continued to the expiration of his sentence because he posed a more serious risk than the salient factor score indicated, based on the two attempted murders while on parole and a prior conviction of attempted murder when Petitioner was a juvenile.

The Commission issued a decision on December 15, 2005, revoking Petitioner's parole and continuing his incarceration until the expiration of his sentence. The Commission advised Petitioner that its decision was more than the minimum guideline sentence of 150 months because (1) his parole violation consisted of the attempted murder of two individuals, and (2) he had a prior juvenile conviction for attempted murder. The Commission also imposed special

conditions of release, which would require Petitioner to participate in drug and mental health aftercare treatment.

Petitioner appealed the Commission's decision on January 1, 2007, and filed his first habeas petition on January 29, 2007, Johnson I. In that case, petitioner sought a writ arguing, among other things, that the hearing examiner should not have considered Petitioner's juvenile conviction, the Commission should not have imposed drug and mental health aftercare treatment (based on his improper communications with a judge), and Petitioner should have been credited with the time he served on his state sentence. That petition was denied on the merits on January 28, 2008, by the Honorable Richard H. Kyle in Johnson I, 2008 WL 227658 at *5-*8. In Plaintiff's second petition, Johnson II, this Court stated:

> the claims presented in Petitioner's current habeas corpus petition are very similar to the claims that were raised and addressed in Johnson I. Petitioner is once again claiming that the Parole Commission wrongly revoked his parole, and wrongly determined that he should be incarcerated until the expiration of his prison sentence. However, Petitioner's current claims cannot be entertained here because his new habeas corpus petition constitutes an abuse of the writ.

Johnson II, No. 07-4910, Report & Recommendation, January 3, 2008, adopted by Order, January 28, 2008.

The Commission conducted interim hearings in 2007 and 2009 and both times the Commission ordered no change in its decision to continue Petitioner's incarceration to the expiration of his sentence.

**II. DISCUSSION**

Petitioner asserts that this Court should grant his Petition and release him from custody because the Parole Commission abused its authority and violated his due process rights when it considered his juvenile murder conviction and the love letters he wrote to a judge in revoking his

4

parole. Petitioner also contends that the Commission did not properly credit him with the time he served on his state sentence towards the reparole guidelines, in violation of the Commission's regulations. Petitioner's two motions, Motion to Grant Relief and Release of Petitioner [Doc. No. 7] and Motion to Grant Relief and Reply to Respondents [sic] Response [Doc. No. 8], essentially seek the same relief as the underlying petition. Respondent contends that the Petition should be dismissed as a successive petition or as an abuse of the writ. This Court agrees with Respondent and therefore, recommends that the Petition be dismissed and Petitioner's motions be denied.

### A. <u>Appointment of Counsel</u>

Throughout his briefs, Petitioner asks the Court to appoint him counsel. Petitioner previously made a formal motion for appointment of counsel [Doc. No. 2] and this Court denied that motion [Doc. No. 3]. As set forth in that Order, litigants do not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 556, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). Instead, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. <u>McCall v. Benson</u>, 114 F.3d 754, 756 (8th Cir. 1997). In determining whether to appoint counsel in a case involving non-frivolous claims, the Court considers the legal and factual complexity of the case, Petitioner's ability to investigate and present his claims, and any other relevant factors. <u>Abdullah v. Norris</u>, 18 F.3d 571, 573 (8th Cir. 1994). Petitioner has filed numerous cases challenging his parole revocation, demonstrating that Petitioner understands and has the ability to articulate and present his claims. Nor are the facts of this case so complex as to warrant the appointment of counsel. The Court finds that the interests of justice do not require appointment of counsel in

this case and, to the extent Petitioner's motions seek the appointment of counsel, this Court recommends that the motions be denied.

B. **Timeliness of Respondent's Brief**

In the Motion to Grant Relief and Reply to Respondents [sic] Response [Doc. No. 8], Petitioner argues that the Court should strike the Respondent's brief as untimely. On February 18, 2010, this Court ordered Respondent to respond to the Petition within 30 days [Doc. No. 3]. Pursuant to that Order, Respondent's brief was due on March 20, 2010. That date, however, fell on a Saturday. Under to Fed. R. Civ. P. 6(a)(1), briefs that are due on a weekend become due on the next Monday. Therefore, Respondent's brief was due on the following Monday, March 22, 2010, the date on which Respondent filed its brief [Doc. No. 4]. Respondent's brief was timely filed and Petitioner's motion to strike the brief should be denied.

C. **Successive Petitions and Abuse of Writ**

Petitioner's claims must be dismissed because he has raised the same arguments he raised in his previous petitions. Successive habeas corpus petitions are prohibited by the Antiterrorism and Effective Death Penalty Act ("AEDPA") at 28 U.S.C. § 2244(a). That statute provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Id. The AEDPA generally does not apply to habeas petitions brought pursuant to § 2241. Nevertheless, while the Eighth Circuit does not appear to have directly addressed the issue, other courts have concluded that § 2244(a) applies not only to § 2255 petitions, but also to successive § 2241 petitions. See e.g. Shabazz v. Keating, 242 F.3d 390, 2000 WL 1763456, *2 (10th Cir.
6

2000) (table decision); Davidson v. U.S. Dept. of Justice, 239 F.3d 366, 2000 WL 1741633, *1 (5th Cir. 2000) (table decision); Venetucci v. LeBlanc, No. 03-944, 2003 WL 24013824, *2 (D. Minn. April 10, 2003). Section 2244 "requires dismissal of a second or successive petition unless the claim raised asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003).

Similarly, the abuse of writ doctrine applies when a habeas petitioner raises a claim in a subsequent petition that was rejected or raises a claim that could have been raised in his first petition. McCleskey v. Zant, 499 U.S. 467, 493-94, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991); LaRette v. Bowersox, 70 F.3d 986, 987 (8th Cir. 1995); see also Zuniga-Hernandez v. Reese, No. 02-718, 2002 WL 31553539, *1 (D. Minn. Nov. 14, 2002) ("When a petitioner raises grounds in a subsequent petition that are merely a restatement of the claims considered and rejected in a prior habeas petition, the petitioner has clearly abused the writ."). In McCleskey, the Supreme Court set out the burden shifting requirements in cases alleging an abuse of writ. First, the government bears the burden of pleading the abuse of writ, which is satisfied if, with clarity and particularity, the government notes the petitioner's prior writ history, identifies any new claims appearing for the first time, and alleges that petitioner has abused the writ. McCleskey, 499 U.S. at 494. The burden then shifts to the petitioner to disprove the abuse of writ. Id. To do this, Petitioner must show either cause and prejudice, or probable actual innocence. Id.; LaRette, 70 F.3d at 987. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. McCleskey, 499 U.S. at 494. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless

7

be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim. Id.

Under either the successive petition or the abuse of writ doctrines, Petitioner's claims are barred. Just as in the previous two habeas petitions, Petitioner is once again contending that his parole was wrongly revoked. The Government has sustained its burden of claiming an abuse of writ by setting out clearly and particularly that all of Petitioner's grounds for habeas relief were previously raised and rejected by this Court. As the Government sets forth, this Court's prior opinion in Johnson I analyzed and rejected all of the arguments raised by Petitioner in this case. Johnson I, 2008 WL 227658 at *5-*8. Therefore, the Petitioner bears the burden of showing cause and prejudice.

In Petitioner's motions, he argues that the interim hearing in 2009 is new factual evidence that requires the Court to reconsider the issues in the previous habeas petitions and which removes his current petition from the doctrines of successive petitions and abuse of writ. At the interim hearing however, the Commission merely concluded that there were no new facts justifying a change in the previous parole decision. Therefore, there is no new factual basis for Petitioner to challenge the reparole decision. To hold otherwise would enable the Petitioner to file a new habeas petition every two years after each interim hearing, without raising any new basis for relief. This is directly contrary to the objectives of the successive petition and abuse of writ doctrines. Nor has Petitioner claimed, much less factually established, actual innocence. Therefore, Petitioner has not shown cause or prejudice and the Petition is an abuse of writ, as well as, a prohibited successive petition. This Court recommends that the Petition be denied and the action be dismissed.

## IV. <u>RECOMMENDATION</u>

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Habeas Corpus Relief [Doc. No. 1] be **DENIED**;

2. Petitioner's Motion to Grant Relief and Release of Petitioner [Doc. No. 7] be **DENIED**; and

3. Petitioner's Motion to Grant Relief and Reply to Respondents [sic] Response [Doc. No. 8] be **DENIED**.


Dated: July 15, 2010
s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 30, 2010,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.